IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE TORRENZANO GROUP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DORCHESTER CAPITAL MANAGEMENT ) <br> COMPANY, ) <br> ) <br> Defendant. ) | C.A. No. 08-357 (JJF) |

## DEFENDANT'S ANSWER TO COMPLAINT FOR BREACH OF CONTRACT

Defendant Dorchester Capital Management Company ("Dorchester"), by and through its undersigned attorneys, hereby answers plaintiff The Torrenzano Group's ("Torrenzano") Complaint for Breach of Contract (the "Complaint") as follows:

### JURISDICTION AND VENUE

1. Dorchester admits, upon information and belief, that Torrenzano is a limited liability company organized and existing under the laws of New York with its principal place of business at 60 East 42nd Street, New York, New York.

2. Dorchester admits that it is a corporation organized and existing under the laws of Delaware with its principal place of business located in Houston, Texas and with a registered agent with a principal office located in the State of Delaware, County of New Castle.

3. The allegations contained in paragraph 3 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed required, Dorchester denies the allegations contained in paragraph 3 of the Complaint.

4.     The allegations contained in paragraph 4 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed required, Dorchester denies the allegations contained in paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

5.     Dorchester denies the allegations contained in paragraph 5 of the Complaint, except admits that Dorchester and Torrenzano entered into a written agreement dated May 26, 2005 (the "Agreement") and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

6.     Dorchester denies the allegations contained in the first sentence of paragraph 6 of the Complaint and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents. Dorchester admits the allegations contained in the second sentence of paragraph 6 of the Complaint.

7.     Dorchester denies the allegations contained in paragraph 7 of the Complaint and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

8.     Dorchester denies the allegations contained in paragraph 8 of the Complaint and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

9.     Dorchester denies the allegations contained in paragraph 9 of the Complaint and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

10.    Dorchester denies the allegations contained in paragraph 10 of the Complaint and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

11.     Dorchester denies the allegations contained in paragraph 11 of the Complaint and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

12.     Dorchester denies the allegations contained in paragraph 12 of the Complaint.

13.     Dorchester denies the allegations contained in paragraph 13 of the Complaint, except admits that the invoices that Dorchester received from Torrenzano dated between January 18, 2006 and November 7, 2006 totaled $115,274.53.

14.     Dorchester denies the allegations contained in paragraph 14 of the Complaint.

15.     Dorchester denies the allegations contained in paragraph 15 of the Complaint.

## FIRST CAUSE OF ACTION
(Breach of Contract)

16.     Dorchester repeats and reincorporates its responses to paragraphs 1-15 of the Complaint as if fully set forth herein.

17.     The allegations contained in paragraph 17 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed required, Dorchester denies the allegations contained in paragraph 17 of the Complaint.

18.     Dorchester denies the allegations contained in paragraph 18 of the Complaint.

## SECOND CAUSE OF ACTION
(Breach of Contract – Late Payment Charges)

19.     Dorchester repeats and reincorporates its responses to paragraphs 1-18 of the Complaint as if fully set forth herein.

20.     Dorchester denies the allegations contained in paragraph 20 of the Complaint.

21.     Dorchester admits the allegations contained in paragraph 21 of the Complaint.

22.     Dorchester denies the allegations contained in paragraph 22 of the Complaint.

## THIRD CAUSE OF ACTION
(Breach of Contract – Attorney Fees and Collection Costs)

23. Dorchester repeats and reincorporates its responses to paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Dorchester denies the allegations contained in paragraph 24 of the Complaint and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

25. Dorchester denies the allegations contained in paragraph 25 of the Complaint, except admits that more than 90 days have elapsed since Dorchester received Torrenzano's invoices.

26. Dorchester denies the allegations contained in paragraph 26 of the Complaint.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Torrenzano has failed, with respect to each and every count of the Complaint, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Torrenzano's claims are barred, in whole or in part, or limited by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Torrenzano's claims are barred, in whole or in part, or limited by the doctrines of waiver, release, ratification, estoppel, consent, and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

Torrenzano's failure to adequately perform under the terms of the Agreement bars, in whole or in part, or limits its claims.

## FIFTH AFFIRMATIVE DEFENSE

Torrenzano's claims are barred, in whole or in part, or limited by the doctrine of laches.

WHEREFORE, Dorchester respectfully requests that the Court:

(1) enter judgment in favor of Dorchester and against Torrenzano on all counts in the Complaint, and dismiss the Complaint with prejudice;

(2) award Dorchester its costs and attorneys' fees; and

(3) grant such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Julia Heaney (#3052)
Jay N. Moffitt (#4742)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
jmoffitt@mnat.com
  *Attorneys for Defendant Dorchester Capital Management Company*

July 15, 2008

2398836.2

5